J-S37012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HAWKINS | : | |
| | : | |
| Appellant | : | No. 908 EDA 2022 |

Appeal from the PCRA Order Entered March 15, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000604-2009

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.:           **FILED NOVEMBER 15, 2022**

Richard Hawkins appeals from the order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

On October 22, 2008, Appellant and Demetrius Oglesby committed an armed robbery of the employee working the "Silver & Gold" kiosk at the Springfield Mall in Delaware County, Pennsylvania. Police officers reviewed the mall security footage and recognized Mr. Oglesby. Once apprehended, he identified Appellant as his co-conspirator. Appellant was arrested and charged with robbery and related offenses.

On July 29, 2009, Appellant entered a negotiated guilty plea to robbery and criminal conspiracy. The trial court accepted the plea and sentenced Appellant, in accordance with the negotiated terms, to an aggregate term of

seventeen and one half to forty years of incarceration.[1] Appellant did not file a post-sentence motion or direct appeal.

In 2016, Appellant filed his first *pro se* PCRA petition, claiming he was serving an illegal sentence because the crimes of criminal conspiracy and robbery were invalid.[2] Appointed counsel filed a petition to withdraw and "no merit letter" pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court reviewed the submission, agreed with counsel that the claims Appellant wished to raise were meritless, and issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. On June 30, 2017, the PCRA court dismissed the petition. Appellant did not appeal this decision.

In 2019, Appellant filed his second *pro se* PCRA petition alleging that the trial court erred by not merging his robbery and conspiracy to commit robbery convictions and requesting that the court reconsider his sentence. **See** Second PCRA Petition, 3/4/19, at 1-5. The Commonwealth filed an answer arguing that the petition was untimely and should be dismissed

---

[1] The parties agreed that Appellant would receive a sentence of ten to twenty years for the robbery and a consecutive seven and one half to twenty years of incarceration for conspiracy to commit robbery. **See** N.T. Guilty Plea & Sentencing Hearing, 7/29/09, at 5-7.

[2] This document does not appear in the certified record. However, the PCRA court clarifies that this is because the petition was mistakenly filed in the civil division of the Delaware County Court of Common Pleas and was not immediately transferred to the criminal division. **See** Order, 9/8/16, at 1 n.1.

without a hearing since the court lacked jurisdiction to address the merits of the issues raised. *See* Commonwealth's Answer, 4/30/19, at 2-3. The PCRA court agreed with the Commonwealth and issued Rule 907 notice of its intent to dismiss the petition as untimely. Having received no response from Appellant, on June 11, 2019, the PCRA court dismissed the petition. *See* Order, 6/11/19, at 1. Appellant did not appeal this decision.

On July 2, 2020, Appellant filed a "Writ of Errors *Coram Nobis*" challenging the legality of his sentence, which the court properly treated as a third PCRA petition and issued Rule 907 notice of its intent to dismiss the petition as untimely. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (reiterating the well-established principle that the PCRA is intended to be the sole means of achieving post-conviction relief for all cognizable issues). Appellant submitted a response, arguing that his petition should not be dismissed as he had discovered new facts that the sentence was unconstitutional. In the response, Appellant did not detail the alleged new facts. On September 10, 2020, the PCRA court dismissed Appellant's third PCRA petition. Appellant did not appeal that decision.

Over one year later, on December 21, 2021, Appellant filed documents entitled "memorandum of law and [argumentative] summation," "motion for reinstatement of PCRA for amendments thereto," and a "motion for resentence consideration." In the motions, Appellant repeated earlier arguments regarding illegal sentencing issues, requested reconsideration of his sentence, and sought reinstatement of his appellate rights from the

dismissal of his third PCRA petition. Appellant alleged that reinstatement was needed because the COVID-19 pandemic prevented him from submitting a timely amended petition and notice of appeal. The PCRA court construed these three motions collectively as a fourth PCRA petition. On March 14, 2022, the PCRA court issued an order denying the petition. This timely appeal followed. The PCRA court did not request that Appellant file a Pa.R.A.P. 1925(b) concise statement, but did advance a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1. Was the trial court in error for neglecting to specify its reasons for (1) reducing the minimum term of conspiracy and not the minimum term for robbery, (2) conspiracy and robbery terms and (3) for not justifying its reasons for not imposing both sentences to run concurrently?

2. Was trial counsel in error for not pursuing a direct appeal, to challenge the issues raised in numeration 1 above?

3. Was the PCRA court in error for not allowing Appellant to have his PCRA reinstated, following [COVID-19] by relying upon regulations which doesn't allow for delays to have a petition reactivated and allow for amendments based upon the inactions of the court to justify its sentences; during the sentencing phase, the ineffectiveness of counsel, and a deprivation of access to the courts due to no fault of Appellant during a crises; in contrast to case law and a constitutionality challenge of statutory law application(s) enforcements?

Appellant's brief at 3.

Before we may consider the merits of Appellant's claims, we must first determine whether the petition was timely filed. "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of

- 4 -

legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa.Super. 2016). For a petition to be timely under the PCRA, it must be filed within one year of the date that a petitioner's judgment of sentence became final. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than twelve years after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii),[3] we cannot address the claims he asserted therein.

Appellant's petition is facially untimely and he did not allege below or in this appeal any exceptions to the time-bar. Therefore, the PCRA court did not err when it found that his petition was untimely filed. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 102 A.3d 988, 995 Pa.Super. 2014) ("[A]lthough

---

[3] These exceptions are:

(i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." (cleaned up)).[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2022

---

[4] To the extent Appellant claims that the PCRA court erred when it construed his motions as PCRA petitions no relief is due. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **See** 42 Pa.C.S. § 9542; **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa.Super. 2022). Therefore, a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition. **Id**. Stated differently, a defendant cannot escape the PCRA time-bar by simply altering the title of his petition or motion. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013). Herein, Appellant's various claims of sentence illegality are cognizable under the PCRA. **Id**. Accordingly, we find that the PCRA court did not err when it treated his filings as PCRA petitions.